A95A2177. KHD DEUTZ OF AMERICA CORPORATION
v. UTICA MUTUAL INSURANCE COMPANY, INC.
(469 SE2d 336)

SMITH, Judge.

KHD Deutz of America Corporation appeals from the grant of summary judgment to Utica Mutual Insurance Company, Inc. in a declaratory judgment action. We must determine whether the trial court properly concluded as a matter of law that Utica's insured under an errors and omissions policy was not entitled to coverage under the policy for failing to procure insurance for KHD.

The record reveals that under the terms of a security agreement executed in connection with a multimillion dollar loan from KHD to Prime Commercial Corporation, Prime Commercial was required to purchase insurance coverage from Lloyd's and to add KHD as an additional insured. International Risk, an insurance agency, and its agent, John Duke, agreed to procure such insurance for Prime Commercial; at the loan closing, it provided a certificate showing such coverage. Coverage was later discovered by KHD never to have existed, and KHD brought suit against International Risk and others on December 4, 1992, alleging fraudulent failure to procure insurance coverage.

International Risk was covered for errors and omissions under a policy of insurance issued by Utica. As a condition precedent to coverage, the policy specifically required International Risk to notify the insurer in detail "as soon as practicable" of any claim or any "fact or circumstance which may give rise to a claim," to "[i]mmediately forward . . . any demand, notice, summons, or other process or correspondence received by an insured," and to cooperate with the insurer in the conduct of suits. International Risk did not notify Utica that suit had been filed against it and did not forward the complaint and summons to Utica.

On January 22, 1993, Duke mailed Utica a letter informing it that an incident had occurred that "may give rise to a claim under the . . . policy." The letter did not identify the incident or the party having a possible claim against International Risk. Despite the recitation in the letter that Duke would contact Utica's claims department to follow up this matter "in detail," neither Duke nor any other representative of International Risk initiated any further contact with Utica.

In late February 1993, in connection with its lawsuit against International Risk, KHD served Utica with a subpoena for the produc-

tion of any policy issued to International Risk. After that, Utica's attorney conversed with Duke, who assured Utica's attorney that the litigation would be resolved "within days." Representatives of Utica thereafter made numerous unsuccessful efforts to contact Duke, both for the purpose of executing a non-waiver agreement and to assist in investigating the claim. With one exception, Duke did not return telephone calls or accept mail. He did agree to meet with Utica's investigator for the purpose of executing a non-waiver agreement, but he failed to keep that appointment and subsequently would not return that investigator's telephone calls. On August 13, 1993, Utica filed this declaratory judgment action to determine whether coverage existed.

On June 27, 1994, Duke telephoned Utica and informed it that a motion for summary judgment was pending in the lawsuit filed by KHD. He then met with Utica's attorney to execute the non-waiver agreement, and counsel was assigned by Utica to defend International Risk in that lawsuit the following day.[1]

Utica's motion for summary judgment in the declaratory judgment action as to the claims of KHD was granted on the ground that no coverage existed. The trial court concluded no coverage existed both because International Risk failed to notify Utica of the claim and because it failed to cooperate, both of which were conditions precedent to coverage.

1. KHD contends the trial court erred in granting summary judgment to Utica because the issue of the reasonableness of International Risk's cooperation is "inherently factual." We do not agree.

"In the case of a condition precedent, the condition must be performed before the contract becomes absolute and obligatory upon the other party." (Citations and punctuation omitted.) *Glass v. Stewart Title Guaranty Co.*, 181 Ga. App. 804, 805 (1) (354 SE2d 187) (1987). Although the issue of whether or not conditions precedent to coverage requiring the insured to cooperate have been met is generally a question of fact for a jury, an unexcused significant delay in notifying an insurer may be unreasonable as a matter of law. *Townsend v. Nat. Union Fire Ins. Co.*, 196 Ga. App. 789 (397 SE2d 61) (1990). " 'Under all of the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of [a lawsuit] to [its] insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law.' [Cit.]" *Caldwell v. State Farm Fire &c. Ins. Co.*, 192 Ga. App. 419, 420-421 (385 SE2d 97) (1989). Moreover, an insurer need not

---

[1] A response to the motion for summary judgment was due that day. Partial summary judgment has since been entered against International Risk and Duke in that lawsuit.

show it was prejudiced by this failure to comply with the policy conditions. Id. at 421.

The policy in issue here plainly required International Risk to forward the suit papers "immediately" after being served, as a condition precedent to coverage. Over a month after being served with a lawsuit, International Risk informed Utica only that an unspecified incident (which was the subject of that lawsuit) "may give rise to a claim" about which it would provide further details shortly. International Risk then made itself unavailable to Utica for more than 17 months. We agree with the trial court that under these circumstances, a jury question was not presented; International Risk's failure to notify Utica promptly of the lawsuit and its failure to respond to Utica's efforts to communicate were simply unreasonable. This was an "unexcused significant delay" that was "unreasonable as a matter of law." *Townsend*, supra, 196 Ga. App. 789.

KHD acknowledges that "[a]n insurer is entitled to require its insured to abide by the policy terms, [cit.]" and to cooperate with the insurer. *Diamonds & Denims v. First of Ga. Ins. Co.*, 203 Ga. App. 681, 683 (417 SE2d 440) (1992). KHD argues, however, that in this case, as in *Diamonds & Denims*, the insured did not *completely* fail to cooperate with its insurer, and consequently, a fact question with regard to that cooperation was presented for jury resolution.

We do not find this case analogous to *Diamonds & Denims*. In that case, the insured notified the insurer of the loss and complied with several policy provisions, but did not provide certain documents in response to demands by the insurer for "books and records." Id. at 682-683. The insured contended that its records had been destroyed in the fire that formed the basis for the claim, and no evidence was presented to the contrary. Id. at 683. This court held that questions of fact existed regarding both the degree of the insured's cooperation and the insurer's diligence, when the record showed that representatives of the insured agreed at their depositions to provide documentation but the insurer never "followed up these generalized statements with specific requests." Id.

Here, KHD argues that International Risk also cooperated "to some degree," as evidenced by Duke's conversations with Utica's attorney, his eventual execution of the non-waiver agreement, and his notification that a motion for summary judgment had been filed. We do not find these actions to be evidence of cooperation. The conversation with Utica's attorney was not initiated by Duke, and the notification of the motion filed against International Risk and the execution of the non-waiver agreement took place after many months of ignoring the policy conditions and refusing to respond to numerous efforts on the part of Utica to communicate. The trial court did not err in finding as a matter of law that International Risk failed to cooperate.

2. We find no merit in KHD's contention that the trial court erred in finding that International Risk failed to cooperate when it did not find that any such failure was fraudulent. It is well established that "[w]illfulness and fraud are essential ingredients to substantiate the defense of failure to co-operate." (Citation and punctuation omitted.) *Southern Mut. Ins. Co. v. Mason*, 213 Ga. App. 584, 588 (2) (445 SE2d 569) (1994). The trial court did not err here, however, for two reasons.

First, no such requirement exists with regard to International Risk's failure to notify its insurer of the lawsuit against it or its failure to forward to Utica the complaint and summons "immediately." See, e.g., *Caldwell*, supra, 192 Ga. App. 419.

Second, we do not agree that the trial court failed to find that fraud was present. The defense of failure to cooperate is established upon a showing by the insurer that the insured "declined to cooperate." *Mason*, supra, 213 Ga. App. at 588 (2). The absence of any affirmative misrepresentation does not indicate the absence of fraud; "the suppression of truth is as false and fraudulent as a wilful misrepresentation." (Citation and punctuation omitted.) *State Farm Mut. Auto. Ins. Co. v. Wendler*, 117 Ga. App. 227, 232 (160 SE2d 256) (1968). In this case, Utica showed that Duke and International Risk suppressed the truth when, even though suit had been filed against International Risk in December 1992, Duke represented to Utica in January 1993 only that a possible claim existed; Utica showed that International Risk "declined to cooperate" when it failed to respond to letters and telephone calls from Utica until 17 months later.

In addition, in Duke's pro se response to Utica's motion for summary judgment, he admitted that after speaking with Utica's attorney, he formed the opinion that "no 'claim' existed," and that he "decided" not to hold further communications with Utica until KHD's suit was resolved. The trial court properly found that "[t]hese statements . . . clearly show that it was his purposeful intention not to cooperate because of his own conclusions concerning the claims." Given the showings made by Utica, the trial court's finding that Duke's conduct, which included the suppression of the truth, was intentional and purposeful compels the conclusion that the trial court found International Risk's conduct to be fraudulent.

3. KHD finally argues that the trial court erred in considering these statements in Duke's pro se response to Utica's motion for summary judgment because they are inadmissible hearsay. We cannot agree because a pleader is bound by such admissions. OCGA § 24-3-30. KHD misconstrues the principle set forth in *Thomas v. Barnett*, 107 Ga. App. 717 (131 SE2d 818) (1963), that "the admissions of one defendant shall not be considered as evidence against another defendant." Id. at 729 (5). The statement refers to the principle that when

one defendant admits wrongful conduct, *that conduct* may not be imputed to a co-defendant by means of that admission. Nothing prevents the consideration of Duke's admission as to his own conduct in this lawsuit simply because establishing Duke's wrongful conduct happens to work to KHD's detriment. We find no error.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 13, 1996 —

*Jones, Day, Reavis & Pogue, Dorothy Y. Kirkley, Robert M. Martin*, for appellant.

*Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Charles J. Cole*, for appellee.