A02A0724. WADE v. FINDLAY MANAGEMENT, INC. et al.
(560 SE2d 283)

ELDRIDGE, Judge.

Derick Wade, plaintiff, sued Findlay Management, Inc. d/b/a McDonald's Restaurant in Douglas, across from the county high school, and Ann Stapleton, its manager, for failing to protect him from an assault on November 26, 1996. Even though Stapleton had caused some older boys to leave the playground in front of and connected to the restaurant around 7:00 p.m., because they were bothering smaller children and an attack on September 12, 1996, of an adult by two teenage boys had occurred, the defendants moved for summary judgment, alleging that they lacked notice for them to foresee third-party criminal conduct on its premises. The trial court granted summary judgment. We reverse, because there exists a jury issue as to whether or not the defendants should have reasonably foreseen the assault and whether they exercised ordinary care to protect plaintiff.

On November 26, 1996, at approximately 7:00 p.m., Stapleton had a complaint from an assistant manager, Smith, that older boys were bothering small children in the fenced-in play area connected to the restaurant; Stapleton approached the boys and told them that she was locking up the playgate, causing them to leave without argument, although she planned to allow others to use the playground. She did not consider that such discriminatory treatment would cause the older boys to become angry with those younger children allowed to use the playground. The plaintiff walked toward the playground and restaurant with the small children, and the older boys yelled at him and attacked him, while Stapleton was closing the gate. Wade was knocked to the ground by a blow to the head, and three of the boys started kicking him on the ground where he hit his head on a planter. Smith opened the door and screamed at the boys, causing the boys to flee.

On Friday and Saturday nights, the defendants maintained a security guard to maintain order, particularly when there was a

game at the high school. By affidavit, Stapleton testified that "during the entire 2½ years that I have worked at this McDonald's Restaurant until the time of the attack, there had never been any incident when an adult was threatened or physically attacked by older boys or others anywhere on the property." However, on September 12, 1996, Joseph Samuel Padgett, Jr., an adult, was attacked there by two boys about the same time on a weekday night, after they had teased his son and he tried to stop them; one of the attackers brandished a gun and yelled, "I'll put a cap up your ass."

Plaintiff contends that the trial court erred in granting summary judgment. We agree, because there exist issues of material fact for jury determination.

"Simply put, without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises." *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995). "If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' *Atlantic C. L. R. Co. v. Godard*, 211 Ga. 373, 377 (86 SE2d 311) (1955)." *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991); see also *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997).

> Accordingly, the incident causing the injury must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers or tenants against the risk posed by that type of activity. See *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994), aff'd, *Days Inns of America v. Matt*, supra. In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the landlord's attention to the dangerous condition which resulted in the litigated incident. Further, the question of reasonable foreseeability of a criminal attack is generally for a jury's determination rather than summary adjudication by the courts.

(Citations and punctuation omitted.) *Sturbridge Partners v. Walker*, supra at 786; accord *Doe v. Prudential-Bache/A.G. Spanos Realty*

*Partners*, 268 Ga. 604, 605 (492 SE2d 865) (1997). "The prior incident need not be the same crime, and the means of inflicting injury need not be identical [to be deemed substantially similar]." (Citation omitted.) *Crapp v. Elberta Crate &c. Co.*, 223 Ga. App. 902, 905 (479 SE2d 101) (1996).

In this case, in opposition to the motion for summary judgment, plaintiff introduced evidence that not only contradicted the material factual statement of the defendant, impeaching her, i.e., no prior similar assault on an adult, but also gave evidence of a prior similar criminal assault that had occurred in the restaurant by a teenager on an adult after a child had been bullied and the adult sought to stop the bullying during a week night at approximately the same time. Further, the victim had given actual notice to the same defendant. The restaurant was across the street from the high school, and the defendants foresaw trouble on the weekends at night so that they provided security to maintain order; the voluntary undertaking to provide security on weekend nights could be construed by the jury to be evidence of foreseeability of criminal conduct. *Doe v. Briargate Apts.*, 227 Ga. App. 408, 410 (1) (489 SE2d 170) (1997); *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 360 (2) (489 SE2d 99) (1997). Generally, comparison of the nature of the crimes will determine similarity; "we consider the key to sufficient similarity to be not in the details of the crime or even in the degree of force used, but rather in the *nature* of the offense: was the prior incident also an offense against a person, or was it an offense against property or public morals?" (Emphasis in original.) *Piggly Wiggly Southern v. Snowden*, 219 Ga. App. 148, 149 (1) (464 SE2d 220) (1995).

In this case, older boys sufficiently bullied smaller children so that assistant manager Smith told the defendant who caused the older boys to leave, which should have alerted the defendant to possible trouble for any adult who complained or attempted to stop the boys. While the defendant was physically present, the boys yelled at the plaintiff as he led young children to the area and then attacked him. Although close to the plaintiff at the gate to the playground, the defendant heard the yelling and saw the boy knock the plaintiff to the ground with a blow to the head.

"[W]e note that a showing of prior similar incidents on a proprietor's premises is not always required to establish that a danger was reasonably foreseeable. An absolute requirement of this .nature would create the equivalent of a one free bite rule for premises liability, even if the proprietor otherwise knew that the danger existed." (Citation and punctuation omitted.) *Shoney's, Inc. v. Hudson*, 218 Ga. App. 171, 173 (2) (460 SE2d 809) (1995). Thus, even if the defendants could not foresee the initial attack on the plaintiff, then a jury issue existed as to whether or not the defendants should have foreseen that the assault would continue or that other boys would also join in

the assault on the plaintiff. *Confetti Atlanta, Ltd. v. Gray*, 202 Ga. App. 241, 243-244 (1) (414 SE2d 265) (1991). Although the assault occurred in the immediate physical presence of and proximity to Stapleton, she took no action to stop the boys' attack after the plaintiff was knocked to the ground. See *Good Ol' Days Downtown v. Yancey*, 209 Ga. App. 696, 698 (2) (434 SE2d 740) (1993). The three boys began to kick the plaintiff while he lay on the ground, causing him to hit his head on a planter. Assistant manager Smith, who was inside the restaurant, opened the door and screamed at the boys, causing them to flee. Thus, defendant's inaction and failure to even order the boys to stop their attack on the plaintiff and the boys fleeing upon the screaming of the assistant manager give rise to a jury question whether Stapleton exercised ordinary care to protect the plaintiff by stopping the attack after she saw the attack in progress. Id. at 697.

*Judgment reversed. Smith, P. J., and Ellington, J., concur.*

DECIDED JANUARY 31, 2002 —
RECONSIDERATION DENIED FEBRUARY 13, 2002 —

*Preston & Preston, Robert H. Preston*, for appellant.
*Clark & Clark, Fred S. Clark*, for appellees.