## A02A0028. PARKER v. HOVERS et al.
### (564 SE2d 795)

JOHNSON, Presiding Judge.

Lou Dean Parker appeals from the grant of summary judgment to Monument Sales, Inc. and its president, James Hovers. Parker sued Monument Sales and Hovers for negligence after a cemetery monument which had been installed by Monument Sales and then removed and placed upon a wall by a third party fell on Parker's foot as she visited her sister's grave two years after Monument Sales' installation. We affirm the grant of summary judgment to the defendants.

The undisputed evidence shows that Parker purchased a two-piece grave monument for her sister from Monument Sales in 1996. Hovers and a Monument Sales employee installed the monument at Parker's sister's grave site in March 1996. To install the monument, the men dug a shallow ditch, poured a concrete foundation, set the bottom section (base) of the monument in the concrete, placed the top piece (die) of the monument on top of the base, tilted the die to one side, squeezed joint compound between the two sections, tilted the die to the other side, set the die in place, and then trimmed off the excess compound. They cleaned off the monument and left. Monument Sales had not agreed to maintain, move, or reinstall the monument.

Parker's sister was still alive at the time of the installation, but she died in December 1997. In June 1998, when Parker went to visit her sister's grave site, she noticed that the monument was sitting atop a brick wall near the grave. Parker reached over and rested one

hand on the monument as it sat on the wall. The monument fell on and severely injured Parker's foot. Parker does not know who moved the monument from the grave site or when, but she believes that she first noticed it had been moved when she attended her sister's burial in 1997. Parker assumes that the persons who dug the grave moved the monument on behalf of the funeral home.

Monument Sales and Hovers (collectively "Monument Sales") moved for summary judgment claiming that there was no evidence that Parker's injuries were caused by any act or omission of Monument Sales. More specifically, Monument Sales argued that the movement of the monument by a third party and then Parker's touching of the monument as it sat on a wall amounted to intervening, independent acts and that Monument Sales cannot be held liable for the injury.

In response to the summary judgment motion, Parker urged that genuine issues of material fact remain regarding whether Monument Sales installed the monument properly and whether the moving of the monument was a foreseeable circumstance which Monument Sales should have anticipated. In support of her brief, Parker submitted an affidavit of a funeral director in which he stated that he installed cemetery monuments, that it was standard in the industry to use spacers between the base and die of a monument, that the spacers would cause a stronger bond between the two sections, that it is foreseeable that a monument installed before a person dies will later be moved when the burial occurs, and that the bond on an improperly installed monument will weaken or deteriorate. The witness stated that an attached brochure (prepared by Elberton Granite Association, Inc.) on the techniques for erecting cemetery monuments represents the standards for the industry.

Contrary to the witness' contentions, however, the brochure states that the *usual* procedure utilized in installing the monuments is to use a setting compound, although the brochure does *recommend* the use of certain types of "space age" spacers or cushions between the two pieces of monument, along with setting compound. The brochure also notes, contrary to the witness' position, that monument installation "is a permanent installation — once the monument is in place, more than likely it will never be set again." Finally, the brochure states that "it is not intended to claim that the [installation] methods set forth herein are the only, or the best, methods that can be employed. It is hoped that the suggestions will cause monument dealers and cemeteries to take a special look at the appearance of the memorials to see if room for improvement exists." The brochure notes that its purpose is to enhance the appearance of cemeteries; it does not address safety issues.

The trial court granted Monument Sales' motion for summary judgment, noting that Monument Sales installed the monument according to trade customs. The trial court added that there was a lack of evidence as to the condition of the monument at the time the gravediggers moved it, how they moved it, and how they secured it at the new location so that it would not fall. The court concluded that there was no evidence that Monument Sales' method of installing the monument was the cause of the monument falling on Parker's foot.

A party is entitled to summary judgment when he can show that any essential element of the opposing party's case is missing and incapable of proof.[1] To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach.[2] Here, it is clear that there is an absence of evidence that Monument Sales breached a standard of conduct and that it was the proximate cause of Parker's injury.

1. *Breach of standard of conduct.* No matter how innocent the plaintiff may be, she is not entitled to recover unless the defendant did something that it should not have done or failed to do something that it should have done pursuant to the duty owed the plaintiff.[3] Parker cannot prove from the evidence that Monument Sales had a duty which it breached.

Although Parker's witness testified that the use of spacers is standard for the industry, and that it is foreseeable that monuments will be moved after installation, these statements are directly contradicted by the brochure he endorsed as being correct. To the extent that the witness' averments are contradicted by the brochure he endorsed, the contradictions are to be construed against him.[4] Thus, we conclude that the industry usually uses the setting compound without spacers, that an installer should not expect the monuments to be moved after installation, and that the use of spacers is not the only or necessarily the best method of installation. There is, therefore, no evidence that Monument Sales breached a duty in its method of installation.

2. *Proximate cause.* Even assuming that a genuine issue of fact exists with regard to whether Monument Sales was negligent in the manner in which it installed the monument, there is no evidence of

---

[1] *Porter v. Felker,* 261 Ga. 421-422 (1) (405 SE2d 31) (1991).

[2] *City of Douglasville v. Queen,* 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

[3] Id.

[4] See *Hudgens v. Broomberg,* 262 Ga. 271 (1), n. 1 (416 SE2d 287) (1992).

proximate cause. The requirement of proximate cause constitutes a limit on legal liability; it is a policy decision that, for a variety of reasons, the defendants' conduct and the plaintiff's injury are too remote for the law to allow recovery.[5] For this reason, before any negligence can be actionable, that negligence must be the proximate cause of the injuries sued upon.[6] It is well settled that there can be no proximate cause where there has intervened between the acts of the defendants and the injury, an independent act of a third party which was not foreseeable to the defendants, which was not triggered by the defendants' acts, and which was sufficient of itself to cause the injury.[7]

Here, there was a lack of evidence that Monument Sales' manner of installing the monument in 1996 caused the monument to fall on Parker in 1998. In addition to the lapse of time, the monument had been moved from its original site by a third party, placed on top of a wall by a third party, and then rested upon by Parker months after it was moved. Monument Sales' acts were simply too remote for it to be held liable for Parker's injury.[8]

We are not convinced by Parker's argument that Monument Sales is responsible for the intervening acts because the acts were foreseeable. First, it is not clear that a monument installer should anticipate that a monument might be moved by gravediggers; in fact, the brochure submitted by Parker and endorsed by her witness states that an installation should be permanent. Second, even if Monument Sales should have anticipated the movement of the monument, it was not reasonably foreseeable that the monument would be placed atop a brick wall and left there for a long period of time, uninstalled, or that a person would rest her hand on the uninstalled monument as it sat perched on the wall, or that a section of the monument would fall on a person visiting the cemetery. Hovers testified that in his 13 years of installing monuments he had never previously received word of any of his monuments falling or coming apart. The injury was not reasonably foreseeable, so summary judgment for the defendants was proper.[9]

Although what amounts to proximate cause is normally a jury question, it will be determined by the court as a matter of law in plain and undisputed cases.[10] This is one of those plain, palpable and

---

[5] *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990); *Bacon v. Mayor &c. of Savannah*, 241 Ga. App. 211, 212 (525 SE2d 115) (1999).

[6] *Bacon*, supra.

[7] *Levangie v. Dunn*, 182 Ga. App. 439, 440 (1) (356 SE2d 88) (1987).

[8] See generally *Stegall v. Central Ga. Elec. Membership Corp.*, 221 Ga. App. 187, 191 (2) (470 SE2d 782) (1996).

[9] See generally *Mills v. Jack Eckerd Corp.*, 224 Ga. App. 785, 787 (482 SE2d 449) (1997).

[10] See *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 393 (4) (394 SE2d 345) (1990); *Atlanta Obstetrics &c.*, supra at 570.

undisputed cases in which the defendants were entitled to summary judgment.[11]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED APRIL 30, 2002.

*Coppedge & Leman, Jesse L. Vaughn,* for appellant.

*Goodman, McGuffey, Aust & Lindsey, Thomas J. Lehman,* for appellees.

---

[11] See generally *Tudor v. Ford,* 242 Ga. App. 573, 576 (3) (530 SE2d 474) (2000).