## A06A0307. SNELLGROVE v. HYATT CORPORATION et al.
## A06A0308. HYATT CORPORATION v. SNELLGROVE.
### (625 SE2d 517)

BLACKBURN, Presiding Judge.

Christopher Snellgrove sued his former employer Trader Publishing ("Trader"), Hyatt Corporation ("Hyatt"), Rick Nation, and Daryl Day seeking recovery for injuries sustained in a fight with Nation and Day after a party hosted by Trader at the Hyatt. He alleged that Trader breached a duty to protect him from harm it should have reasonably foreseen and that Hyatt breached a duty to provide adequate security to ensure the safety of its guests. In Case No. A06A0307, Snellgrove appeals the trial court's grant of summary judgment to Trader and grant of partial summary judgment to Hyatt on the issue of lost income. In Case No. A06A0308, Hyatt appeals the denial of summary judgment on the issue of liability, arguing that Snellgrove had equal or superior knowledge of the danger posed by Nation. For the reasons set forth below, we affirm in Case No. A06A0307 and reverse in Case No. A06A0308.

Summary judgment is proper when there is no genuine issue of material fact as to any essential element of a claim and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).

evidence and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[2]

So construed, the evidence shows that Trader hosted a party for its employees and their guests at a Hyatt hotel and also rented rooms for those employees that wished to stay the night. Prior to the party, Snellgrove, a Trader employee, expressed concern about attending the party to two of his superiors. Snellgrove's concern stemmed from the fact that he and his wife, also a Trader employee, were divorcing and that his current dating of Bobbie Boaz, a former Trader employee, had caused tension and division among other Trader employees, including the wives of Nation and Day. In fact, Snellgrove had even received threats from Boaz's former brother-in-law, Wade Boaz, who was also the boyfriend of another Trader employee. After hearing these concerns, Snellgrove's superiors expressed that he nevertheless needed to attend the party. Prior to the party, Hyatt was not informed of Snellgrove's concerns.

Snellgrove and his girlfriend arrived at the party around 7:45 p.m. and attended the function without incident. In fact, the only evidence of any tension between the party attendees was some words exchanged between Snellgrove and Wade Boaz. Snellgrove informed his superiors that Wade Boaz was trying to antagonize him and as a result, Boaz and his girlfriend were asked to leave the party, which they did. After the party ended around 10:00 p.m., Snellgrove, his girlfriend, and others had a few drinks at the Hyatt bar before meeting another of Snellgrove's friends and leaving in a cab to go to a bar in Midtown.

At approximately 1:40 a.m., Snellgrove, his girlfriend, and his friend returned via cab to the Hyatt intending to stay the night. Upon exiting the cab at the Hyatt's main entrance, Snellgrove saw Nation and others coming toward him down the stairs from the hotel's entrance. Nation, who appeared intoxicated, began shoving Snellgrove and a fight ensued. Hyatt security broke up the fight and instructed Nation to return to the hotel. At that time, Hyatt security did not identify the two combatants or determine whether they were hotel guests, but did call for police assistance. Snellgrove, who was not injured in the fight, got into another cab with his girlfriend and friend and went to a shopping center parking lot across the street to wait for the police.

While waiting, Snellgrove received a call on his cell phone from his estranged wife who was with the Nations in their Hyatt hotel room and was upset over the fight. At some point during this

---

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

conversation, Nation got on the phone and challenged Snellgrove to return to the Hyatt and finish their fight. Snellgrove declined this challenge but nonetheless decided to return to the Hyatt to retrieve his belongings and check out of his room. Upon returning to the Hyatt with his girlfriend and friend, Snellgrove did not attempt to contact any Hyatt security to inform them of Nation's latest challenge or to seek an escort to his room. Instead, Snellgrove entered the hotel through a lower level side entrance and took an elevator straight to the eighth floor where his room was located. After exiting the elevator, Snellgrove immediately encountered Nation, Day, and other Trader employees who were with them, and a second fight ensued. Hyatt security arrived shortly thereafter to break up the fight and the police also eventually intervened. Snellgrove was injured by Nation in this second fight. A week later, after Trader conducted an investigation of the incident, Snellgrove and several other Trader employees who had been involved in the melee were terminated.

Snellgrove filed a complaint in DeKalb County State Court, alleging that Trader breached its duty to protect him from harm it should have reasonably foreseen and that Hyatt breached its duty to provide adequate security to ensure his safety. Following a hearing on Trader's and Hyatt's motions for summary judgment,[3] the trial court granted Trader's motion but denied Hyatt's motion. With Trader dismissed, venue in DeKalb County was no longer proper and the case was transferred to the State Court of Gwinnett County. Hyatt renewed its motion for summary judgment as to liability and also moved for partial summary judgment on the issue of Snellgrove's claim for lost income. The trial court denied Hyatt's motion as to liability but granted partial summary judgment on the issue of lost income, ruling that Hyatt's alleged negligence was not the proximate cause of Snellgrove's loss of employment. These appeals followed.

### Case No. A06A0307

In Case No. A06A0307, Snellgrove appeals the trial court's grants of summary judgment to Trader on the issue of liability and of partial summary judgment to Hyatt on the issue of lost income. He contends that the trial court erred in finding that (i) Trader did not breach any duty it owed to protect him from harm nor could it have reasonably foreseen that Nation would harm him and (ii) his loss of employment was not a reasonably foreseeable result of Hyatt's alleged negligence. We disagree and affirm.

---

[3] A default judgment was entered against Nation. Snellgrove dismissed his claims against Day.

1. In order to make a claim for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest. *City of Douglasville v. Queen.*[4] In this matter, it is clear that there is no evidence demonstrating that Trader either breached any duty it owed to Snellgrove or that any breach was the proximate cause of Snellgrove's injury.

(a) *Breach of duty.* "No matter how innocent the plaintiff may be, [he] is not entitled to recover unless the defendant did something that it should not have done or failed to do something that it should have done pursuant to the duty owed the plaintiff." *Parker v. Hovers.*[5] Snellgrove argues that Trader breached a duty to protect him from harm when it failed to excuse him from attending the party at the Hyatt after he expressed reservations about attending. Snellgrove also contends that Trader further breached its duty when it failed to excuse him from the party after his somewhat heated exchange with his girlfriend's former brother-in-law, Wade Boaz. Putting aside the question of whether Snellgrove was obligated to attend the party, Trader quickly took steps to diffuse any tension by having Wade Boaz leave the party almost immediately after Trader learned of his exchange of words with Snellgrove. More importantly, both fights, including the second fight in which Snellgrove was injured, occurred well after the conclusion of the Trader party. In light of these facts, Snellgrove cannot prove that any action or inaction on the part of Trader breached a duty to protect him from harm. See id.

(b) *Proximate cause.* Even assuming that a genuine issue of fact exists regarding whether Trader breached a duty to protect Snellgrove from harm, proximate cause was absent here in that it was not reasonably foreseeable that Snellgrove would be attacked by Nation. Proximate cause is a limit on legal liability; it is a policy decision that, for a variety of reasons, the defendant's conduct and the plaintiff's injury are too remote for the law to allow recovery. *Atlanta Obstetrics &c. Group v. Coleman.*[6] "It is well settled that there can be no proximate cause where there has intervened between the acts of the defendants and the injury, an independent act of a third party which was not foreseeable to the defendants, which was not triggered by the defendants' acts, and which was sufficient of itself to cause the

---

[4] *City of Douglasville v. Queen,* 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

[5] *Parker v. Hovers,* 255 Ga. App. 184, 186 (1) (564 SE2d 795) (2002).

[6] *Atlanta Obstetrics &c. Group v. Coleman,* 260 Ga. 569 (398 SE2d 16) (1990).

injury." *Parker,* supra at 187 (2). Proximate cause is normally a jury question but will be determined by the court as a matter of law in plain and undisputed cases. See *Atlanta Obstetrics,* supra at 570.

Here, Snellgrove testified that Wade Boaz was the only person attending the party who had ever threatened him with any harm and further acknowledged that Wade Boaz left the party at Trader's behest. Snellgrove also testified that prior to the night of the incident, he had never been threatened by nor had he ever fought with Nation. In fact, Snellgrove stated that prior to the party, he still considered Nation a friend. Given the fact that Snellgrove himself did not view Nation as a threat, Trader could not have reasonably foreseen Nation's attack on Snellgrove. Accordingly, Snellgrove cannot establish that any alleged breach by Trader was the proximate cause of his injury and the trial court's grant of summary judgment to Trader was proper. See *Parker,* supra at 187-188 (2).

2. Snellgrove also contends that the trial court erred in finding that his loss of employment, and thus lost income, was not a reasonably foreseeable consequence of Hyatt's alleged negligence. This contention, however, is rendered moot by our holding in Case No. A06A0308, below, that the trial court erred in denying summary judgment to Hyatt on the issue of liability.

## Case No. A06A0308

In Case No. A06A0308, Hyatt contends that the trial court erred in denying its motion for summary judgment on the issue of liability, arguing that Snellgrove had equal or superior knowledge of the danger posed by Nation, but did not exercise ordinary care to avoid this danger, and thus is precluded from holding Hyatt liable for his injury. Hyatt also argues that the trial court erred in finding that material issues of fact remained with regard to whether Hyatt's security practices were negligent. As set forth below, we agree that Snellgrove had equal or superior knowledge of the danger and therefore reverse the trial court's denial of summary judgment to Hyatt.

3. According to OCGA § 51-3-1, an owner of land has the duty to exercise ordinary care to keep its premises safe for invitees. Despite this duty, a property owner is not an insurer of an invitee's safety, and an intervening criminal act by a third party generally insulates a proprietor from liability unless such criminal act was reasonably foreseeable. *Days Inns of America v. Matt;*[7] *Agnes Scott College v.*

---

[7] *Days Inns of America v. Matt,* 265 Ga. 235, 236 (454 SE2d 507) (1995).

*Clark*;[8] *Griffin v. AAA Auto Club South*;[9] *Clark v. Carla Gay Dress Co.*[10] (finding an attack by the appellant's husband was not foreseeable as a matter of law even though appellant had told a supervisor her husband had previously abused her). "Even if an intervening criminal act may have been reasonably foreseeable, however, the true ground of liability is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Punctuation and emphasis omitted.) *Cook v. Micro Craft*.[11] See also *Britt*, supra at 845; *Griffin*, supra at 2; *Howell v. Three Rivers Security*.[12] Furthermore,

> a property owner or occupier is not liable for a plaintiff's injuries caused by a dangerous condition if the plaintiff had equal or superior knowledge of the danger and failed to exercise ordinary care to avoid the danger. Although the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable.

*Cook*, supra at 438 (1). See also *Howell*, supra at 892 (precluding bar owner's liability for plaintiff's injury after finding that plaintiff had knowledge equal or superior to bar owner when plaintiff remained in the bar despite being aware of the presence of persons who wanted to fight him).

In this case, Snellgrove had equal, if not superior, knowledge of the threat of harm posed by Nation. The clear and palpable evidence shows that Snellgrove was aware of Nation's intention to cause him harm based on their first altercation outside of the front entrance of the Hyatt. After Hyatt security broke up their fight, Snellgrove saw Nation return to the inside of the hotel. Most importantly, Snellgrove was well aware that Nation wanted to continue fighting in light of the fact that Nation interrupted Snellgrove's cell phone conversation with Snellgrove's estranged wife to convey that very message. This threat notwithstanding, Snellgrove made the conscious decision to return to the Hyatt without attempting to contact Hyatt security and inform them of Nation's intention to resume their fight. Indeed, despite his superior knowledge, Snellgrove made no effort to see to his own safety by either avoiding any chance of another encounter with

---

[8] *Agnes Scott College v. Clark*, 273 Ga. App. 619, 621 (1) (616 SE2d 468) (2005).

[9] *Griffin v. AAA Auto Club South*, 221 Ga. App. 1, 2 (1) (470 SE2d 474) (1996).

[10] *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 161 (342 SE2d 468) (1986).

[11] *Cook v. Micro Craft*, 262 Ga. App. 434, 438 (1) (585 SE2d 628) (2003).

[12] *Howell v. Three Rivers Security*, 216 Ga. App. 890, 891 (456 SE2d 278) (1995).

Nation by not returning to the hotel or by seeking Hyatt security's protection. Under these circumstances, in which Snellgrove plainly had equal, if not superior, knowledge of the danger and failed to exercise ordinary care to avoid it, Hyatt cannot be held liable, and the trial court erred in denying Hyatt's motion for summary judgment on the issue of liability. See *Britt,* supra at 845; *Howell,* supra at 892.

4. Pursuant to our determination in Division 3, supra, that Hyatt was entitled to summary judgment because Snellgrove had equal or superior knowledge of a danger yet failed to exercise ordinary care to avoid it, Hyatt's remaining enumeration of error need not be addressed.

*Judgment affirmed in Case No. A06A0307. Judgment reversed in Case No. A06A0308. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 3, 2006.

*Berger & Loewenthal, Glenn A. Loewenthal,* for Snellgrove.
*Misner, Scott & Martin, Neal C. Scott, Epstein, Becker & Green, Patrick F. Clark, Jeffrey P. Lutz,* for Hyatt Corporation et al.