A09A1951. WALKER v. ADERHOLD PROPERTIES, INC. et al.

(694 SE2d 119)

BARNES, Judge.

After she was attacked in her apartment, Eina Walker filed this premises liability action against Aderhold Properties, Inc., the management company for the apartment complex. Aderhold Properties then filed a third-party complaint against Cognisa Security, Inc., the company that provided security services at the complex. Aderhold Properties and Cognisa moved for summary judgment. After exclud-

ing certain evidence, the trial court granted the motions. For reasons that follow, we reverse.

On appeal from the trial court's grant of summary judgment, we conduct a de novo review of the record to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006).

Viewed favorably to Walker, the evidence shows that she and a roommate shared an apartment at the Fulton Cotton Mill Lofts. According to Walker, she chose the apartment, in part, because of its safety features. In addition to being gated, there were guards, security cameras and security lighting, and the buildings required a key card for access. However, many of the security features were not functioning. According to a former security guard at the Lofts, one of the security cameras was broken and another was not focused properly. The gate at the rear of the property was broken, and the pedestrian gates at the front of the complex did not always close properly. The back door to Walker's building had also been broken for quite some time such that a key card was not required for entry.

On July 4, 2004, Walker returned home in the early morning after leaving work. She entered her apartment building through the broken door and took the elevator to her third floor apartment. As she was walking toward her apartment door, Walker noticed two men standing in the hallway. One of the men grabbed her, and the other man held a gun to her face. The men took Walker's key from her and forced her into the apartment where she was blindfolded, duct-taped, sexually assaulted, raped, and robbed.

Walker filed suit against Aderhold Properties, alleging that the company had breached its duty to repair the premises, to keep the premises safe, and to provide adequate security services. She also sued her assailants, one of whom she identified as Corey Deon Ellis. Aderhold Properties filed its third-party complaint against its security company, Cognisa, asserting claims for indemnity and breach of contract.

Both Aderhold Properties and Cognisa moved for summary judgment. According to the defendants, Walker failed to establish that the attack was foreseeable. The defendants also asserted that Walker was able to produce no probative evidence as to how her assailants entered the building and thus could not establish causation. The trial court agreed. Although Walker had tendered security company incident reports and police reports showing other criminal acts that had occurred on the premises, the trial court excluded the

evidence as hearsay. Walker attempted to establish causation by tendering a videotaped statement Ellis made in connection with his arrest, but the trial court also excluded this as hearsay. Walker appeals these rulings.

1. To establish a claim for negligence in Georgia, a plaintiff must show: (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest. See *Snellgrove v. Hyatt Corp.*, 277 Ga. App. 119, 122 (1) (625 SE2d 517) (2006).

With respect to premises liability cases, "[t]he general rule is that a landlord is not an ensurer of his tenant's safety; however, landlords do have a duty to exercise ordinary care to prevent foreseeable third-party criminal attacks upon tenants." *Brookview Holdings v. Suarez*, 285 Ga. App. 90, 97 (3) (645 SE2d 559) (2007). Although the prior criminal activity must be substantially similar to the crime in question, there is no requirement that the crimes be identical. *Drayton v. Kroger Co.*, 297 Ga. App. 484, 485-486 (677 SE2d 316) (2009). Prior property crimes may give a landlord notice of possible future crimes against a person. As far back as 1997, our Supreme Court noted that it had already "laid to rest the artificial notion that a crime against a person could never be foreseen by previous crimes against property," although under the circumstances in that case, the court held the plaintiff's injuries were not foreseeable. *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 268 Ga. 604, 605 (492 SE2d 865) (1997). In affirming the Court of Appeals, the Supreme Court rejected this court's analysis based "solely on the principle that prior property crimes could not create a factual issue regarding whether a property owner knew or should have known that a crime against a person, sexual or otherwise, might be committed on its premises." Id.

"The prior incident need not be the same crime, and the means of inflicting injury need not be identical to be deemed substantially similar." (Punctuation omitted.) *Wade v. Findlay Mgmt.*, 253 Ga. App. 688, 690 (560 SE2d 283) (2002); see also *Mason v. Chateau Communities*, 280 Ga. App. 106, 113 (633 SE2d 426) (2006). All that is required is that the prior incident be sufficient to attract the landlord's attention to the dangerous condition which resulted in the litigated incident. See *Drayton*, supra at 486. Whether a criminal attack is reasonably foreseeable is generally a jury issue. See id.

To establish that the attack against her was foreseeable, Walker tendered copies of incident reports she had received from Aderhold Properties showing that on at least three occasions, if not more,

other tenants at the Lofts had their apartments burglarized.[1] The defendants argue that such incident reports are hearsay and thus not probative. In other words, the issue of their liability is not reached unless Walker first proves that the crimes occurred using something other than police reports or the defendants' own incident reports.[2] This, however, is not the law.

A landlord need not have actual knowledge of criminal conduct before it may be held liable for failing to keep the premises safe; rather "[a] landowner can be liable for third-party criminal attacks if the landowner has *reasonable grounds* to apprehend that such a criminal act would be committed but fails to take steps to guard against injury." (Emphasis supplied.) *TGM Ashley Lakes v. Jennings*, 264 Ga. App. 456, 462 (2) (590 SE2d 807) (2003). The fact that Aderhold Properties' security personnel received reports that burglaries were taking place on the premises provides such reasonable grounds for the defendants to appreciate that another criminal attack would occur. More importantly, the reports did not constitute hearsay. "As a fundamental rule, the definition of hearsay does not include out-of-court statements which are not offered as proof of the facts asserted in such statement, but are offered merely as proof that such a statement was made." (Punctuation omitted.) *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 466 (3) (469 SE2d 763) (1996).

Finally, as discussed earlier, the fact that the prior incidents involved property crimes — burglaries — rather than personal crimes — sexual assaults — does not absolve the defendants of liability as a matter of law. As our Supreme Court has noted, such a rigid approach to determining foreseeability is not in keeping with either common sense or existing law. See *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997). The question here is whether, by virtue of their knowledge of the prior burglary reports, the defendants should have reasonably anticipated the risk of harm to a tenant. See id. at 787. This is a question that must be answered by a jury.[3]

---

[1] Walker also tendered other security incident reports showing that multiple cars had been broken into while parked in the parking lot and police reports detailing additional crimes. We do not rule upon whether such reports – properly authenticated – may be admissible at trial.

[2] Under the defendants' reasoning, Aderhold Properties could have police reports showing that ten rapes occurred in Walker's building, but unless Walker could produce testimony from either the victims or the assailants, both Aderhold Properties and Cognisa would be insulated from liability.

[3] The defendants also argued that the incident reports were not authenticated, but the trial court did not reach this issue. Given the fact that Aderhold Properties produced the documents during discovery, the defendants' argument appears meritless. See *Salinas v. Skelton*, 249 Ga. App. 217, 220-221 (1) (547 SE2d 289) (2001).

Citing *Agnes Scott College v. Clark*, 273 Ga. App. 619 (616 SE2d 468) (2005), the dissent argues that no violent acts had been reported on the property, only burglaries and other property crimes, and thus Walker's initial attack in the "common area" of the hallway outside her apartment was not foreseeable. The facts in that case, however, are vastly different from the facts before us. The plaintiff in *Agnes Scott* was kidnapped from a parking lot at noon and presented only general crime statistics and evidence of previous minor property crimes in the area. We affirmed the trial court's ruling that these incidents did not make Clark's daytime abduction foreseeable. Id. at 622.

The dissent further argues that Walker presented no evidence of break-ins to occupied apartments "of the kind that made a violent attack foreseeable in *Sturbridge Partners*." First, in *Sturbridge,* the prior burglaries were committed during the day when no one was at home. The court reasoned that although the crimes occurred while the apartments were vacant, "it was reasonable to anticipate that an unauthorized entry might occur while an apartment was occupied and personal harm to a tenant could result." 267 Ga. at 787. Second, in this case, of the burglaries addressed in the incident reports and elsewhere, one took place while the resident was home, and another while the resident was gone for only two-and-a-half hours. Finally, as noted in *Sturbridge*, "the very nature of burglary suggests that personal injury may occur during the unauthorized entry into the dwelling house of another." Id. at 787, n. 1.

In addition to the burglaries, the record contains evidence that a transient arrested on the property for breaking into a car physically assaulted the security guard. Another resident was physically attacked in the parking lot near the front gate by a man wielding a knife. A man was reportedly walking around trying to unlock doors to residents' apartments, and in yet another incident a man tried to force his way into a resident's apartment by kicking her door while he demanded to have sex with her. It defies logic and common sense to argue that these incidents are not sufficient, as a matter of law, to attract the landlord's attention to the dangerous conditions here.

2. The trial court also found that Walker had failed to establish causation, which is a necessary element of her claim of negligence. Specifically, the court found that Walker had produced no competent evidence regarding how her assailants entered the premises. Without some evidence showing that it was the defendants' faulty security that permitted such entry, the trial court concluded that the defendants were entitled to judgment as a matter of law. See *Sturbridge*, supra at 787.

As the trial court properly noted, a plaintiff must do more than merely speculate as to whether enhanced security measures would

have prevented an attack. See *Post Properties v. Doe*, 230 Ga. App. 34, 39 (495 SE2d 573) (1997). This is so because "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Punctuation omitted.) Id.

Here, however, Walker provided more than mere speculation regarding how Ellis entered the property. She provided his video-taped police interview in which he said that he walked through an open gate.[4] The trial court, however, excluded this evidence as hearsay.

Georgia favors the admission of relevant evidence, even if its probative value is slight. See *Dodd v. Scott*, 250 Ga. App. 32, 35 (2) (550 SE2d 444) (2001). However, a trial court retains discretion in determining whether evidence is to be admitted or excluded, and we will not interfere with such discretion absent abuse. See id. Under the circumstances of this case, the trial court abused its discretion.

In addition to suing Aderhold Properties and Cognisa, Walker also sued Ellis. And, under OCGA § 24-3-31, the admission by a party is generally admissible when offered by the other side. One exception to this rule is that the admission of one of several parties with no joint interest is inadmissible "unless the issue is of such a character that the effect of the admission can be confined to the one party alone." OCGA § 24-3-31 (2). In this case, the trial court found that Walker was improperly attempting to "use" Ellis' statement against the remaining defendants although no joint interest had been established. We disagree.

It is true that the admissions of one defendant cannot be considered as evidence against another co-defendant. See *KHD Deutz of America Corp. v. Utica Mut. Ins. Co.*, 220 Ga. App. 194, 197 (3) (469 SE2d 336) (1996). This merely means that when one defendant admits wrongful conduct, the conduct is not imputed to the co-defendant by virtue of the admission. See id. But the admission may still be used to establish the admitting defendant's conduct even if the admission ultimately works to the detriment of the nonadmitting defendant. See id. In other words, Ellis' statement is admissible solely to show the means by which he entered the apartment complex. The fact that Ellis' statement may contribute to an ultimate finding of liability on the part of Aderhold Properties and/or Cognisa does not change this result. See id.

---

[4] After Ellis defaulted in the lawsuit, Walker served him with requests to admit to which he did not respond. Walker attempted to introduce these requests to admit for the purpose of establishing causation. Because we find that Walker was otherwise able to establish causation, we do not address whether a party who has defaulted can be served requests to admit. See, e.g., *Lu v. Liu*, 282 BR 904, 906 (C.D. Cal. 2002).

Because the admissible evidence, construed favorably to Walker, demonstrates that jury issues remain, the trial court erred in granting the defendants' motions for summary judgment. See *Sturbridge*, supra; *Westmoreland v. Williams*, 292 Ga. App. 359, 362 (2) (665 SE2d 30) (2008); *Wal-Mart Stores v. Lee*, 290 Ga. App. 541 (659 SE2d 905) (2008).

*Judgment reversed. Miller, C. J., Johnson, P. J., Blackburn, P. J., Ellington and Mikell, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

The salient facts in this appeal are, first, that a tenant was attacked by two men in the hallway *outside* her apartment (and then forced into that apartment), and second, that no violent attack had previously taken place on the premises. Our Supreme Court has held that property crimes previously committed in a common area do not put a landlord on notice that a violent assault is likely to occur in that area, and that summary judgment for the defendant is therefore appropriate concerning the violent assault. *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 268 Ga. 604, 606 (492 SE2d 865) (1997). It follows that the trial court did not err when it granted summary judgment to the property owner and the security company in this case. I therefore dissent.

We laid out the controlling legal authority in this case when we reversed the denial of summary judgment to Agnes Scott College in a case involving the abduction and subsequent rape of a student:

> Although a landowner has a duty to invitees to exercise ordinary care to keep its premises safe (see OCGA § 51-3-1), the landowner is not an insurer of an invitee's safety. An intervening criminal act by a third party generally insulates a landowner from liability unless such criminal act was reasonably foreseeable.

(Citation omitted.) *Agnes Scott College v. Clark*, 273 Ga. App. 619, 621 (616 SE2d 468) (2005).

> In order for the crime at issue to be foreseeable, it must be *substantially similar to previous criminal activities occurring on or near the premises such that a reasonable person would take ordinary precautions to protect invitees from the risk* posed by the criminal activity.

(Emphasis supplied.) Id., citing *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997). More specifically, and as our

Supreme Court held in *Sturbridge Partners*:

> In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the [landowner's] attention to the dangerous condition which resulted in the litigated incident.

(Citations and punctuation omitted.) 267 Ga. at 786.

Applying this standard, the Supreme Court of Georgia has held that a landlord was entitled to summary judgment on the claim of a victim who was attacked in a parking garage and raped nearby, because the crime was unforeseeable as a matter of law. *Doe*, supra at 606, affirming *Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 222 Ga. App. 169 (474 SE2d 31) (1996). The Supreme Court held that the prior property crimes were "insufficient to create a factual issue regarding whether [the landlord] could reasonably anticipate that a *violent sexual assault* might occur on the premises." (Emphasis supplied.) This was so for three reasons: because the thefts and vandalism in *Doe* "[did] not suggest that personal injury [might] occur"; because the parking garage was "a common area, used by all the tenants and their guests," such that "there [was] only the *potential* for a tenant to confront a thief in an isolated situation"; and because "a tenant generally will have opportunities for escaping an isolated encounter with a thief in a common area, but will not have similar opportunities when encountering a burglar in her apartment." (Punctuation omitted; emphasis supplied.) *Doe,* supra, 268 Ga. at 606.

Here, it is undisputed that Walker was attacked in the hallway outside her apartment — a "common area," used by "tenants and their guests." *Doe*, 268 Ga. at 606. And it is also undisputed that no violent attacks had been reported in the complex's common areas, let alone inside an apartment. The facts that faulty security may have permitted other people to have gained entrance to the complex in the past, and that such people had committed property crimes, do not mean that Walker's robbery and rape were foreseeable. On the contrary, a property owner faced only with property crimes that "did not involve person-to-person violence or contact" could not reasonably have foreseen this attack. *Agnes Scott*, 273 Ga. App. at 622,

citing *Doe*, 268 Ga. at 606. Nor is there evidence of break-ins to *occupied* apartments of the kind that made a violent attack foreseeable in *Sturbridge Partners*. See *Walker v. Sturbridge Partners*, 221 Ga. App. 36 (470 SE2d 738) (1996) (rapist and fellow resident gained entry through same kitchen window that the victim had previously reported as having a broken lock).

For these reasons, I respectfully dissent.

DECIDED MARCH 25, 2010 —<br>RECONSIDERATIONS DENIED APRIL 14, 2010 —

*Robert Kenner, Jr.*, for appellant.

*Fowler, Hein, Cheatwood & Williams, Robert P. Hein, Hawkins & Parnell, Christopher S. Keith, Shapiro, Fussell, Wedge & Martin, Robert B. Wedge, Jason A. Cooper*, for appellees.