COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia


JUAN CARLOS REYES

                                                    OPINION BY
v.       Record No. 1349-15-4              JUDGE MARY GRACE O'BRIEN
                                                  OCTOBER 25, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Burke F. McCahill, Judge

James P. Bohnaker for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a jury trial, Juan Carlos Reyes ("appellant") was convicted of aggravated

malicious wounding in violation of Code § 18.2-51.2 and malicious wounding as a member of a

mob in violation of Code § 18.2-41.  The court imposed the jury's recommended sentence of twenty

years of incarceration for the aggravated malicious wounding and an additional five years of

incarceration for malicious wounding as a member of a mob.  Appellant asserts that his Sixth

Amendment right was violated when the trial court prevented his co-defendant, Marcus Guevara,

from testifying in appellant's favor.

BACKGROUND

On August 23, 2014, the victim left a bar and was surrounded by approximately six men.

They began to comment on the victim's red clothes, and made a gang reference.  One of the men

pointed a gun at the victim.  When the victim began to move away, another man, identified as

appellant, stabbed him in the chest.  The victim collapsed and was transported to the hospital where

he underwent surgery.  He sustained permanent injury and scarring as a result of the attack.

While the victim was in the hospital, detectives showed him a photo array of six people, including appellant. The victim recognized appellant as the man who stabbed him.

Appellant was arrested and the matters were set for a jury trial. Two days before trial, appellant filed motions to continue and to compel the testimony of Marcus Guevara, a co-defendant. Guevara had previously entered into a plea agreement with the Commonwealth. He agreed to plead guilty to unlawful wounding and to waive his right against self-incrimination and testify truthfully if called as a witness by the Commonwealth in any other case. At the time of appellant's trial, Guevara had pled guilty but had not yet been sentenced.

Appellant asserted that during a police interview, Guevara made exculpatory statements concerning appellant's involvement in the offense; specifically, that appellant was not present when the crime occurred. Guevara filed a motion to quash the subpoena and invoked his Fifth Amendment right against self-incrimination. The court denied the motion to continue and deferred its ruling on the motion to compel Guevara's testimony until the conclusion of the Commonwealth's case.

At trial, after the Commonwealth rested and appellant called two witnesses, appellant renewed his motion to compel Guevara's testimony. Outside of the presence of the jury, the court requested that appellant's counsel proffer the specific questions he planned to ask Guevara, so it could make a question-by-question determination of whether Guevara was entitled to assert his Fifth Amendment right against self-incrimination. Appellant's counsel proffered the following questions:

> [H]ave you been found guilty of a charge arising [out] of the incident on August 23rd involving a stabbing?

Have you, in fact, pled guilty to a reduced charge for that event?[1]
Were you at the scene of this incident on August the 23rd?

Do you know [appellant]?

Was [appellant] at the scene during the stabbing of the victim?

If he was, what did you see him do?

If he wasn't, were you telling the investigators the truth when you
were interviewed immediately after your arrest?

Guevara's counsel objected to each question. The court allowed Guevara to assert his Fifth

Amendment right and decline to testify. The court reasoned that although Guevara had pled guilty,

he still faced exposure to increased punishment at sentencing, his potential answers could possibly

implicate him for federal charges, and while Guevara was entitled to use immunity under Code

§ 19.2-270, the statute did not provide for derivative use immunity. Based on these considerations,

the court denied the motion to compel Guevara's testimony.

ANALYSIS

Generally, a trial court's exercise of discretion in determining whether to admit or exclude

evidence is reviewed using an abuse of discretion standard. Egan v. Butler, 290 Va. 62, 69, 772

S.E.2d 765, 770 (2015). "However, whether a defendant's due process rights are violated by the

admission of evidence is a question of law, to which we apply a de novo standard of review."

Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013). In this case,

appellant contends that the trial court's ruling allowing Guevara to assert his Fifth Amendment right

---

[1] While the answers to the first two questions do not implicate the Fifth Amendment, those questions would only be relevant to lay the foundation for the following questions. In this context, the trial court did not err in allowing Guevara to assert his Fifth Amendment right and decline to testify.

and refrain from testifying violated appellant's Sixth and Fourteenth Amendment rights to call witnesses on his own behalf.[2]  Therefore, we apply a *de novo* standard of review.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant in a criminal prosecution the right "to have compulsory process for obtaining witnesses in his favor."  U.S. Const. amend. VI.  However, that right must be balanced with the witness' right under the Fifth Amendment to the Constitution which provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend V.  See also Va. Const. art. I, § 8 (also providing a defendant with protection against self-incrimination).  In Hoffman v. United States, 341 U.S. 479, 486 (1951) (citation omitted), the United States Supreme Court interpreted the Fifth Amendment right against self-incrimination as follows:

> The privilege afforded not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a . . . crime.  But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer.

The Supreme Court has held that a defendant has "no right to compel . . . his co-defendant[] to testify . . . if [the co-defendant] elected to invoke his right against self-incrimination guaranteed by the Fifth Amendment to the federal Constitution."  Dearing v. Commonwealth, 259 Va. 117, 122, 524 S.E.2d 121, 124 (2000).  See also United States v. Apfelbaum, 445 U.S. 115, 126-27 (1980) (absent grant of immunity, witness has privilege against compulsory self-incrimination).

However, the "simple invocation of the right by a witness does not end the responsibilities of the trial court in resolving the conflict between the protection of the witness and a defendant's

---

[2] Appellant also argues that the court could have "exercised its judicial authority to grant use immunity to [Guevara]."  However, we note that appellant never requested that the court grant Guevara any type of immunity during the trial, and he did not specifically object to the court's failure to grant Guevara use immunity.  Accordingly, he may not raise this objection for the first time on appeal.  See Rule 5A:18.

right to present evidence." Carter v. Commonwealth, 39 Va. App. 735, 748, 576 S.E.2d 773, 779 (2003). The trial court must consider whether a proffered question has an incriminating implication and, if so, "the privilege rests with the witness and its assertion must be honored by the court." Gosling v. Commonwealth, 14 Va. App. 158, 166, 415 S.E.2d 870, 874 (1992).

As we explained in Carter, a trial court must make the determination by considering the proffered questions because "the [F]ifth [A]mendment does not provide a blanket right to refuse to answer any questions." 39 Va. App. at 747, 576 S.E.2d at 779 (quoting Cunningham v. Commonwealth, 2 Va. App. 358, 361-62, 344 S.E.2d 389, 391 (1986)). There is no requirement that the witness volunteer an answer; otherwise "he would be compelled to surrender the very protection which the privilege is designed to guarantee." Id. at 748, 576 S.E.2d at 779 (quoting Hoffman, 341 U.S. at 486-87). The court must therefore make the determination, question by question, whether a witness may invoke his right against self-incrimination. Carter, 39 Va. App. at 751, 576 S.E.2d at 781. See also N. Am. Mortg. v. Pomponio, 219 Va. 914, 252 S.E.2d 345 (1979).

The court followed this procedure in the present case. Pursuant to Carter, the court properly asked counsel outside of the presence of the jury to proffer each specific question that appellant planned to ask Guevara in order to determine whether Guevara could invoke his privilege for that question. Counsel proffered numerous questions relating to Guevara's guilty plea to unlawful wounding and his statement to the police that appellant was not present at the scene of the crime. The court analyzed each question individually and found that the questions could still implicate Guevara despite his plea of guilty to unlawful wounding.

The court noted that Guevara had not yet been sentenced and faced additional exposure during sentencing if he answered the questions. As the Supreme Court of the United States held, "[if] the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." Mitchell v. United States, 526 U.S. 314, 326 (1999).

Further, the court accepted Guevara's argument that some of the proffered questions and subsequent potential cross-examination could expose him to federal prosecution for gang activity.

For the reasons stated, we find that the court properly balanced appellant's Sixth Amendment right to compel evidence in his favor against the witness' Fifth Amendment right to be free from self-incrimination and we affirm the judgment of the court granting the motion to quash the subpoena for Guevara.

Affirmed.