S94G1153. DAYS INNS OF AMERICA, INC. v. MATT et al.
(454 SE2d 507)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994) to determine whether, in this suit by a hotel guest for injuries resulting from an attack by an unknown assailant, the Court of Appeals applied the appropriate standard in reversing the trial court's grant of summary judgment to Days Inns. We affirm.

In *Lau's Corp. v. Haskins*, 261 Ga. 491 (1) (405 SE2d 474) (1991), we reiterated the applicable law in this type of case. To begin with, a proprietor's duty to invitees is to "exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1.

> The proprietor is not the insurer of the invitee's safety, [cit.], but is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior

knowledge. [Cit.] If the proprietor has reason to anticipate a criminal act, he or she then has a "duty to exercise ordinary care to guard against injury from dangerous characters." [Cit.]

Id.

Simply put, without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises. *Lau's Corp.* controls regarding the question of foreseeability in this case and proof of the prior robbery committed by force creates a triable issue as to whether Days Inns had a duty to exercise ordinary care to guard its patrons against the risks posed by similar criminal activity. Id. at 493 (1). Compare *Savannah College of Art v. Roe*, 261 Ga. 764, 765 (1) (409 SE2d 848) (1991). Moreover, the record in this case, unlike in *Lau's Corp.*, does not permit summary resolution of the issue of whether ordinary care was exercised assuming that duty arose.[1]

*Judgment affirmed. All the Justices concur, except Benham, P. J., who concurs in the judgment only.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Hicks, Casey, Young & Barber, William T. Casey, Jr., Long, Aldridge & Norman, W. Stell Huie,* for appellant.
*Craig T. Jones,* for appellees.
*Samuel W. Oates, Jr., Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce, James D. Hollingsworth, Bauer & Deitch, Gilbert H. Deitch, Alston & Bird, James C. Grant, Stewart A. Anshell, Darrin L. McCullough, Arnold C. Young,* amici curiae.

---

[1] The trial court held that there was no showing that the incident and any injuries were foreseeable and then went on to conclude there was no showing the incident could have been prevented, even if it were foreseeable. Once the trial court reassumes jurisdiction, the viability of the latter issue can be fully developed and addressed.