## A96A0876. SCOTT v. HOUSING AUTHORITY OF THE CITY OF GLENNVILLE.

(477 SE2d 325)

McMURRAY, Presiding Judge.

Plaintiff Scott was injured by a gunshot just outside her residence in a public housing project operated by defendant Housing Authority of the City of Glennville. When the gun fight erupted between two young men, plaintiff exited the security of her home in order to secure the safety of one of her children and was hit by a stray bullet during the excursion.

Subsequently, plaintiff filed this action alleging that, because of previous incidents in the housing complex, defendant was on notice of the dangerous conditions which caused her injury and negligent in failing to take adequate steps to provide for the safety of the residents of the complex. Defendant's motion for summary judgment was granted, and plaintiff appeals. *Held*:

It is well established that the landlord is not an insurer of the tenant's safety, but "is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. [Cit.] If the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474). But, "without foreseeability that a criminal act will occur, no duty on the part of the proprietor to exercise ordinary care to prevent that act arises." *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507).

Plaintiff has attempted to establish defendant's duty to act to protect her by showing the occurrence of prior substantially similar incidents on the premises. *Savannah College &c. v. Roe*, 261 Ga. 764 (1), 765 (409 SE2d 848); *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130). In her affidavits, plaintiff has related that a large number of incidents have occurred at the housing complex involving violence, frequently arising from drug trafficking. Specific information is provided for some of the incidents, such as the identity of persons involved, dates, and descriptions of the nature of the incident.

But, for a variety of reasons, much of plaintiff's evidence concerning prior incidents lacks probative value or otherwise fails to support her claim. Many of plaintiff's assertions are clearly based on hearsay and thus lack probative value. *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 737 (1), 738 (458 SE2d 711).

As to other incidents, plaintiff has not provided information sufficient to establish that the prior incident is substantially similar to that in which she was injured. Plaintiff's evidence is that the gun fight which caused her injuries arose from a drug transaction. One prior incident upon which plaintiff relies involves tenant Eloise

Wyman, who plaintiff asserts was evicted less than a year prior to plaintiff's injury because of a "shooting incident." According to the affidavit of defendant's executive director, there was no such shooting incident and Wyman was not evicted, but instead was transferred at her own request to another housing complex where she continued to reside. When subsequently deposed, plaintiff testified that the prior shooting occurred when Wyman and another woman had been drinking and Wyman had gotten "mad." Plaintiff testified that she "was the one that called the police" and that she had reported the incident to defendant. While we are compelled on review of the grant of summary judgment to accept plaintiff's version of the circumstances, we do not find this apparent domestic dispute to be substantially similar to the incident in which plaintiff was injured.

Some evidence of prior incidents was developed from police reports, and plaintiff's second affidavit lists 13 such incidents. However, defendant has denied any knowledge of many of these incidents. While plaintiff's affidavit contains a statement that defendant had knowledge of all of the specific incidents appearing in the police reports, this conclusion is expressly based on an assumption that defendant had such knowledge because the incidents were investigated by the police. But, in view of the decision in *Sun Trust Banks v. Killebrew*, 266 Ga. 109 (464 SE2d 207), such an inference as drawn by plaintiff is not authorized. Furthermore, when deposed as to these incidents, plaintiff acknowledged that she had not reported them to defendant herself. And, to the extent that plaintiff has provided hearsay testimony concerning notice to defendant from third parties, such lacks probative value. Of the incidents in the police reports, defendant had knowledge of three, a domestic dispute, a theft by taking, and a trespass. None of the incidents was substantially similar to the incident in which plaintiff was injured.

A number of the remaining issues surround Wilcox, one of the two men involved in the gun fight. One of the police incident reports related to this person's arrest for discharging a firearm near a public highway and carrying a pistol without a license. Defendant was not aware of this incident. But defendant was aware of reports that Wilcox had been displaying a firearm at the housing complex. A letter was sent to Wilcox's mother and a conference was had with her at which she was threatened with eviction if such conduct continued. Following the conference there were no further complaints concerning Wilcox possessing a gun. Plaintiff testified that she had reported Wilcox to the defendant for displaying the gun and threatening to shoot people, but again this testimony is clearly shown to be hearsay based on statements made to plaintiff by her son. Therefore, there is no probative evidence that any incident of displaying a weapon and threatening to shoot someone actually occurred apart from the inci-

dent in the police report of which defendant had no knowledge. .·

While questions as to whether prior incidents are substantially similar are not trivial, we do not hesitate to state that the incidents of which defendant may have had knowledge were not substantially similar to the gun battle which caused plaintiff's injury. In prior cases we have rejected the suggestions that the prior incident must be identical or that some type of "one free bite" analysis is applicable. The question is whether the prior incidents should have put an ordinarily prudent person on notice that the housing complex tenants were facing increased risk. *Matt v. Days Inns of America*, 212 Ga. App. 792, 795 (443 SE2d 290), aff'd, *Days Inns of America v. Matt*, 265 Ga. 235, supra. Since the uncontroverted evidence demands a negative conclusion, the superior court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 1, 1996 —
RECONSIDERATION DENIED OCTOBER 16, 1996 — 

*Richard Phillips*, for appellant.
*Brennan & Wasden, Wiley A. Wasden III, James V. Painter, Emory B. Thompson*, for appellee.