A97A0328. DOE v. BRIARGATE APARTMENTS, INC.
(489 SE2d 170)

POPE, Presiding Judge.

Plaintiff Jane Doe was beaten, raped and robbed in her apartment by an intruder who had entered the apartment through a second-story window after prying part of a window pane away from the window and then removing a piece of glass from the window. She filed suit against the owner of her apartment complex, defendant Briargate Apartments, Inc., alleging that defendant was liable to her for failing to keep its premises reasonably safe by providing adequate security, see OCGA § 51-3-1, and for failing to adequately maintain her apartment and the premises of the complex in general, see OCGA §§ 44-7-13; 44-7-14. She also sought punitive damages from defendant. Defendant filed a motion for summary judgment regarding all of plaintiff's claims. When the trial court granted the motion, plaintiff appealed. Upon review of the record, we conclude that there are issues of material fact in this case which preclude summary judgment as to plaintiff's claims premised upon OCGA § 51-3-1, as well as her claim for punitive damages under OCGA § 51-12-5.1. We find no issues of material fact, however, which would preclude the grant of summary judgment as to plaintiff's claims under OCGA §§ 44-7-13; 44-7-14.

1. In its motion for summary judgment, defendant argued that it owed no cognizable duty to plaintiff under OCGA § 51-3-1 and thus

could not be held liable to her for any alleged negligence under that Code section. We cannot agree.

"The general rule regarding premises liability is that a landlord does not insure tenants' safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to 'exercise ordinary care in keeping the premises and approaches safe.' OCGA § 51-3-1. A landlord's duty to exercise ordinary care to protect tenants against third-party criminal attacks extends *only* to *foreseeable* criminal acts. See *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995)." (Emphasis in original.) *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997). And, only "[i]f [a] proprietor has reason to anticipate a criminal act, [does] he or she then ha[ve] a 'duty to exercise ordinary care to guard against injury from dangerous characters.'" (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491, 492 (1) (405 SE2d 474) (1991). For this to occur, however, the incident causing injury in the present case must be substantially similar in type to previous criminal activities occurring on or near the premises at issue so that a reasonable owner or occupier of those premises would take ordinary precautions to protect his or her tenants against the risk posed by that type of activity. See *Sturbridge*, 267 Ga. at 786; *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994).

In this case, the record demonstrates that plaintiff had herself been the victim of a previous attack in defendant's apartment complex. Specifically, the record shows that while attempting to leave her apartment, plaintiff was confronted by a man who forced her back into the apartment, then assaulted and robbed her. It is undisputed that plaintiff reported this prior incident both to police and to defendant's management. Although defendant argues that as a matter of law the prior incident cannot be viewed as substantially similar or as creating any issue as to the foreseeability of the subsequent criminal attack on plaintiff because plaintiff did not report that any sexual assault was involved in the prior incident, we find no merit to such an argument.

"In determining whether previous criminal acts are substantially similar to the occurrence causing harm, thereby establishing the foreseeability of risk, the court must inquire into the location, nature and extent of the prior criminal activities and their likeness, proximity or other relationship to the crime in question. While the prior criminal activity must be substantially similar to the particular crime in question, that does not mean identical. What is required is that the prior incident be sufficient to attract the landlord's attention to the dangerous condition which resulted in the litigated incident. Further, the question of reasonable foreseeability of a criminal attack is generally for a jury's determination rather than summary

adjudication by the courts." (Citations and punctuation omitted.) *Sturbridge*, 267 Ga. at 786.

Here, both the prior incident and the incident in question involved forceful assaults and robberies occurring within close proximity to one another, and they both involved breach of, or entry into, the confines of an apartment. As such, we conclude that the prior incident was sufficient to give rise to a triable issue regarding whether or not defendant had the duty to exercise ordinary care to safeguard its tenants against the foreseeable risks posed by the prior attack, assault and robbery of plaintiff in her own apartment.

Contrary to defendant's assertion, to the extent that a jury may determine that defendant owed such a duty to plaintiff, the jury might also determine that defendant breached its duty under the facts presented here. While defendant had hired "courtesy officers" who in some part patrolled the apartment complex, there is some question as to whether they were patrolling the complex for the safety of the residents or merely to protect property. To the extent a jury could conclude that defendant had instructed the courtesy officers only to protect property, the jury could conclude defendant had failed to provide the security needed to protect its tenants from attacks and intrusions such as that suffered previously by plaintiff. From the facts of this case, a jury also could conclude that the length and extent of any patrols conducted for the tenants' safety were inadequate in light of defendant's knowledge of the previous attack on plaintiff and the very fact that the patrols of the premises on the date in question did not discover any intruder on a ladder trying to enter plaintiff's apartment, or even the ladder itself after the intruder allegedly had made his entry. See *Matt v. Days Inns of America*, 212 Ga. App. at 796. And there is evidence from which a jury could conclude defendant breached its duty by failing to advise the courtesy officer on patrol on the date in question about the previous attack on plaintiff.

Additionally, contrary to the dissent's and defendant's assertion otherwise, the superior/equal knowledge rule does not preclude plaintiff from recovery under the facts of this case. That rule bars recovery only where the "plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care." *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 159 (342 SE2d 468) (1986); see *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (390 SE2d 248) (1990). Here, there does not appear to be any action plaintiff could have taken to avoid the consequences of defendant's alleged negligence in failing to provide adequate security even though plaintiff was herself aware of the risk of criminal attack in the complex. And the record shows that she did in fact take some steps for her own safety by having her door locks changed after the

first incident. To the extent it may be argued that she should have done more, for example move or fortify her apartment, we conclude that such considerations are better left for jury determination.

Accordingly, we reverse the trial court's grant of summary judgment to defendant as to plaintiff's claim for recovery premised on OCGA § 51-3-1.

2. Because a jury could conclude that defendant was not providing any security for its residents on the date plaintiff was raped, even though it had actual knowledge of the prior attack on plaintiff, it also could conclude that defendant was demonstrating an "entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 Accordingly, we conclude that the trial court erred to the extent it granted summary judgment to defendant on plaintiff's claim for punitive damages.

3. We find no merit, however, as to plaintiff's assertion that summary judgment was improper regarding her claim that defendant breached its duty to her under OCGA §§ 44-7-13 and 44-7-14 by failing to adequately maintain her apartment and the premises of the apartment complex because the facts of this case simply do not support such a claim. Specifically, plaintiff claimed in her complaint that defendant had failed to properly maintain the lock on the window the intruder entered. During deposition, however, plaintiff admitted that on the day of the incident in question, her window lock was working and that it was irrelevant to the case. Moreover, the undisputed evidence demonstrates that the lock played no part in the break-in because the intruder actually tore the window apart, removing a piece of glass to gain entry into the apartment.

Contrary to plaintiff's assertion, there also does not appear to be any competent evidence that defendant or its agents failed to properly maintain its premises by leaving its ladder or any other tools lying around the premises whereby they could be used by the intruder to enter plaintiff's apartment. First, we note that there is no evidence that defendant or any of its agents owned the ladder in question or left it out. Although it is true that a police officer who investigated the incident stated that he was told the ladder belonged to defendant by someone, it is clear from the officer's testimony that he was unsure who had told him this and that it may have been another police officer. Such equivocal testimony cannot be said to constitute evidence of an admission against interest by one of defendant's agents under OCGA § 24-3-33. Nor can it rebut the unequivocal testimony from defendant's employees that the ladder had never been seen before the day of the incident and that it did not belong to defendant. And plaintiff has admitted herself that she had never seen the ladder on defendant's premises before the incident.

Contrary to plaintiff's assertion, there also is no evidence that

any tools were left on the premises by any agent of defendant prior to the time of the break-in. And defendant has presented ample evidence to the contrary. The only evidence of tools lying about the complex relates to a time after the incident in question. The fact that scaffolding had been erected behind plaintiff's apartment building also is not relevant to this case because it is undisputed that this scaffolding was nowhere near plaintiff's apartment and was not used to gain access to the apartment.

In light of the above, plaintiff clearly has failed to demonstrate the existence of any material fact which would support her claim that defendant breached any duty to her under OCGA § 44-7-13 or 44-7-14. Thus summary judgment as to plaintiff's claims premised on those Code sections was appropriate.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur. Beasley and Smith, JJ., concur in the judgment only. Andrews, C. J., and Blackburn, J., concur in part and dissent in part.*

BLACKBURN, Judge, concurring in part and dissenting in part.

I concur with the majority's affirmance of the trial court's grant of the defendant's motion for summary judgment with regard to plaintiff's claims under OCGA §§ 44-7-13 and 44-7-14. However, I must respectfully dissent to the portion of the majority that reverses the trial court's grant of defendant's motion for summary judgment, because I believe that the trial court did not err in so granting Briargate's motion for summary judgment. The majority fails to apply the general rule that a landlord is not the insurer of a tenant's safety. "It is well established that the landlord is not an insurer of the tenant's safety, but 'is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge.'" (Citations omitted.) *Scott v. Housing Auth. of Glennville,* 223 Ga. App. 216 (477 SE2d 325) (1996).

In the present case, because the plaintiff had been attacked in her apartment less than six weeks prior to the present attack, she had equal, if not superior, knowledge of the foreseeability of criminal activity in the complex. The defendant's duty in a premises liability case is still based upon its superior knowledge of the criminal activity in the complex. Where the plaintiff has equal knowledge of such activity, she cannot merely sit back and demand protection. We are dealing here with an independent criminal act of a third party. The law has traditionally limited a landlord's liability for independent criminal acts, because the injury was not directly caused by the acts of such landlord, but rather by the actions of the criminal. At best in such cases, the landlord has failed to prevent the injury as has the victim in this case.

To impose liability under the clear facts of this case would make the landlord the insurer of its tenants. As a jury would not be authorized to so find as a matter of law, there remains nothing for jury determination. I would hold that the trial court did not err in granting summary judgment to defendant.

I am authorized to state that Chief Judge Andrews joins in this opinion.

DECIDED JULY 16, 1997.

*William N. Robbins*, for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellee.