### A03A1170. DAVIS v. CRUM.
(588 SE2d 849)

MIKELL, Judge.

In this premises liability action, Robert A. Davis appeals the grant of summary judgment to Lloyd Crum on Davis's negligent security claim and the denial of his motion for partial summary judgment. Davis also asserts as error the denial of his motion in limine. For the reasons stated below, we affirm.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

---

[1] OCGA § 9-11-56 (c).

[2] (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

We review de novo a trial court's grant or denial of summary judgment.[3]

Viewed in favor of Davis, the evidence shows that in September 1999, Davis moved in with his mother, who lived in a trailer park owned by Crum. On the evening of October 1, 1999, Davis consumed three or four glasses of liquor mixed with Coke, while talking and drinking with his mother and a neighbor he knew as Conan. Davis saw his cousin Thomas Lee drive up to the trailer of another neighbor, Michael Cribbs. Davis walked over to Cribbs's trailer where in three to four hours, he drank six to twelve cans of beer while talking with Lee, Cribbs, and others. At some point, Lee asked Cribbs where he could buy some crack cocaine, and Cribbs directed him to another neighbor, Larry Harris, who lived about 50 yards away. Cribbs left to buy the cocaine for Lee, and when he returned with the drugs, Davis went home. Davis deposed that by that time, it was between 1:00 and 2:00 a.m.

Davis stayed home for a few minutes before leaving again to visit Conan, who lived about 50 yards away. Finding Conan asleep, Davis then returned to Cribbs's trailer. As he approached, he heard Lee scream "somebody help me, they're killing me." Davis saw seven men standing around Cribbs's front porch where Lee, who had been beaten, was crawling up the steps to the trailer. Harris was standing on the porch. The men were demanding money from Lee that they said he owed them from a previous drug deal. Davis walked around the group of men and leaned against the front porch.

Davis deposed that one of the men asked him for money and then accused him of holding Lee's money. The man was holding a stick as if he were going to hit Davis. Davis then pulled a buck knife with a three- to four-inch blade from his back pocket and told them that he wanted to go home. Davis recalled that the man holding the stick asked why he pulled out the knife. When Davis replied that he did not want to be beaten like his cousin, someone struck Davis, rendering him unconscious. Davis deposed that he regained consciousness twice, once when the men were pulling off his shorts and stealing his money, and again in the hospital.

Davis sued Crum, alleging that he failed to exercise ordinary care to keep the mobile home park safe. In his complaint, Davis listed numerous incidents that occurred at the mobile home park and alleged that because of these various incidents, the assault upon him was reasonably foreseeable. Crum filed a motion for summary judgment, arguing that Davis, a licensee, voluntarily encountered a known risk and that even if Davis were an invitee, he failed to estab-

---

[3] *Ethridge v. Davis*, 243 Ga. App. 11, 12 (530 SE2d 477) (2000).

lish Crum's superior knowledge of substantially similar incidents. Davis filed a one-page motion for partial summary judgment, arguing that he was an invitee and that Crum breached his duty to guard against dangerous characters. Alternatively, Davis argued that if he were a licensee, Crum breached the duty to make the premises safe or warn of the danger. The trial court granted Crum's motion and denied Davis's. We affirm.

1. The duty owed by a landowner to an invitee is greater than that owed to a licensee.[4] Assuming Davis was a tenant and was owed the greater duty,[5] his claim against Crum still fails. "The general rule regarding premises liability is that a landlord does not insure tenants' safety against third-party criminal attacks, and that any liability from such attacks must be predicated on a breach of duty to exercise ordinary care in keeping the premises and approaches safe."[6] However, "[a] tenant will be precluded from recovery . . . as a matter of law against the landlord when he or she has equal or superior knowledge of the risk and fails to exercise ordinary care for his or her own safety."[7]

> The superior/equal knowledge rule presumes the plaintiff, knowing of the danger, could have avoided the consequences of defendant's negligence with the exercise of ordinary care. . . . In other words, the condition even if created by third parties must be such that the invitee can indeed have equal knowledge and either assumes the risk or *can avoid the danger with ordinary care.*[8]

In *Johnson v. Atlanta Housing Auth.,*[9] a tenant was shot while sitting on a bench near his apartment building. He filed a suit, alleging that the housing authority failed to exercise ordinary care to protect its tenants from third-party criminal acts. The tenant argued that the housing authority was on notice of the dangerous conditions because its own security guards had been attacked.[10] We found that the evidence was sufficient to create a jury question as to the housing authority's notice of the dangerous condition; however, the plaintiff's

---

[4] *Evans v. Parker*, 172 Ga. App. 416, 417 (2) (323 SE2d 276) (1984).

[5] *Scott v. Housing Auth. of the City of Glennville*, 223 Ga. App. 216 (477 SE2d 325) (1996).

[6] (Punctuation omitted.) *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997), citing OCGA § 51-3-1. See also *Scott*, supra.

[7] (Citations omitted.) *Jackson v. Post Properties*, 236 Ga. App. 701-702 (513 SE2d 259) (1999).

[8] (Citations omitted.) *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 159 (342 SE2d 468) (1986).

[9] 243 Ga. App. 157 (532 SE2d 701) (2000).

[10] Id. at 159 (1).

equal knowledge of the danger precluded his recovery.[11] An eyewitness deposed that before the shooting, he told the plaintiff that the perpetrator was approaching them with a gun in his hand and that he ran to the door, but the plaintiff chose to remain on the bench.[12] We stated that "[a]lthough the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable."[13] Because the plaintiff knew of the danger and failed to exercise ordinary care to avoid it, we affirmed the grant of summary judgment to the housing authority.[14] The same result is warranted here.

Pretermitting whether Davis has provided information sufficient to establish that the prior incidents referenced in his complaint were substantially similar to the one in which he was injured, he cannot recover because he failed to exercise ordinary care for his own safety. Davis deposed that he left Cribbs's trailer because he did not want to be around drugs. Yet, in the wee hours of the morning, Davis returned to Cribbs's trailer and, as he approached, heard Lee yelling. Davis walked around the back of the trailer to the front porch where he saw Harris and several other men, who had beaten Lee. At that point, the men were no longer beating Lee; instead, they were demanding Lee's money and his necklace. Like the plaintiff in *Johnson*, Davis had the opportunity to leave the scene and avoid the consequences. Instead, he walked around the men and stood where they could see him and, in response to a question from one of the men, pulled out a knife. We note that in Davis's affidavit, he averred that when he walked around the corner, he was immediately surrounded by the group of men who had beaten his cousin. This statement contradicts Davis's deposition testimony that the men were facing Lee and that Davis walked around them to lean against the front porch, placing himself in a position of peril. Under *Prophecy Corp. v. Charles Rossignol, Inc.*,[15] we must construe this evidence against him. Based on the remaining facts, Davis had equal, if not superior, knowledge of the danger posed by the circumstances, yet he failed to exercise ordinary care to avoid it. Under these circumstances, we must affirm the grant of summary judgment to Crum.

2. In light of our holding in Division 1, the remaining enumerations of error are moot.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[11] Id. at 160 (3).
[12] Id. at 158.
[13] (Citation and punctuation omitted.) Id. at 160 (3).
[14] Id. at 160-161 (3).
[15] 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

DECIDED OCTOBER 21, 2003.

*Vincent D. Sowerby*, for appellant.
*Drew, Eckl & Farnham, Brenda K. Katz*, for appellee.